# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| DOROTHY M. RUSSUM, | : | |
| | : | |
| Plaintiff, | : | C.A. No: K13C-03-022 RBY |
| | : | |
| v. | : | |
| | : | |
| IPM DEVELOPMENT PARTNERSHIP | : | |
| LLC, a Delaware limited liability | : | |
| company, BIG LOTS STORES, INC., | : | |
| an unregistered entity, and SILICATO | : | |
| COMMERCIAL REALTY, INC., a | : | |
| Delaware corporation, | : | |
| | : | |
| Defendants/Third Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| KENT LANDSCAPING, LLC, | : | |
| | : | |
| Third Party Defendant. | : | |

*Submitted: July 21, 2014*
*Decided: September 18, 2014*

***Upon Consideration of Defendants'***
***Motion for Summary Judgment***
**DENIED**

**ORDER**

William D. Fletcher, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Christopher T. Logullo, Esquire, Chrissinger & Baumberger, Wilmington, Delaware for Defendants IPM and Silicato.

David J. Soldo, Esquire, Morris James, LLP, Wilmington, Delaware for Defendant Big Lots Stores, Inc.


Young, J.

## SUMMARY

Dorothy M. Russum ("Plaintiff") seeks damages against IPM Development Partnership, LLC, Silicato Commercial Realty, and Big Lots Stores, Inc. ("Defendants") in a personal injury negligence action, arising out of injuries sustained by Plaintiff while on the premises of Defendants' business. Defendants move for summary judgment pursuant to Superior Court Civil Rule 56, arguing that Plaintiff has failed to provide proof of essential elements of her claim. The Court is satisfied that Plaintiff, through her deposition and expert report, has met her burden of proof and that material issues of fact are in dispute. Thus, Defendants' Motion for Summary Judgment is **DENIED**.

## FACTS AND PROCEDURES

On April 21, 2011, Plaintiff sustained injuries resulting from a slip and fall accident while on Defendants' business premises. On March 18, 2013, Plaintiff filed a Complaint against Defendants seeking damages stemming from her injuries.

Plaintiff alleges that, while attempting to enter Defendants' retail store, she felt something under her foot, causing her to fall. Directly in front of Defendants' store and leading up to its entrance is a sloped ramp. During Plaintiff's May 14, 2014 deposition, she indicated that it was in the general area of this sloped ramp that her accident occurred. However, Plaintiff was unable to identify precisely what it was she felt under her feet, causing her to fall.

On June 10, 2014, Plaintiff's and Defendants' counsel attended a site inspection conducted by Ronald Cohen, a certified engineer retained by Plaintiff.

Mr. Cohen rendered a copy of his findings on July 15, 2014, in which he concludes that the sloped ramp in front of Defendants' store caused Plaintiff to fall and sustain injuries.

## STANDARD OF REVIEW

Summary judgment is granted upon showing that there is no genuine issue of material fact, where the moving party is entitled to judgment as a matter of law.[1] The Court views the evidence in the light most favorable to the non-moving party.[2] The moving party bears the burden of showing that no material issues of fact are present, but once a motion is supported by such a showing, the burden shifts to the non-moving party to demonstrate that there is a genuine dispute as to material issues of fact.[3] In the alternative, where the non-moving party bears the ultimate burden of proof at trial, the moving party succeeds on her motion for summary judgment by showing a "complete failure of proof concerning an essential element" on the part of the non-movant, thereby "rendering all other facts immaterial."[4]

## DISCUSSION

Defendants assert their summary judgment motion should be granted on the grounds that Plaintiff cannot prove two essential elements of her personal injury

---

[1] Super. Ct. Civ.R. 56(c).

[2] *Windom v. Ungerer*, 903 A.2d 276, 280 (Del. 2006).

[3] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

[4] *Kanoy v. Crothall American, Inc.*, 1998 WL 15367 at *1 (Del. Super. Ct. Feb. 8, 1988) (citing Celotex Corporation v. Catrett, 477 U.S. 317, 91 (1986)).

negligence claim: 1) that Defendants' premises were hazardous and/or defective, and 2) that something on Defendants' premises caused Plaintiff's injuries. Although in accord that Delaware requires business owners to maintain their premises in reasonably safe conditions for business invitees,[5] Defendants dispute whether Plaintiff has shown Defendants shirked this duty.

Defendants' argument rests primarily on Plaintiff's inability during her deposition to identify precisely the cause of her accident. Directing the Court to two Delaware cases in which the plaintiffs were similarly able to point only to the general area of the accident, Defendants argue that negligence may not be presumed, absent specific facts.[6] Contending that Plaintiff's negligence claim rests solely on the fact of her injuries, Defendants seek summary judgment under the theory that Plaintiff has failed to establish both a hazardous condition and what, if anything, on their premises caused Plaintiff's fall.

Plaintiff responds to Defendants' argument by pointing to both her deposition testimony and Mr. Cohen's report as evidence of the essential elements of her claim. Plaintiff further argues that Defendants have mischaracterized the nature of her claim, which she presents under a design and maintenance defect negligence theory.

---

[5] *Kanoy*, 1998 WL 15367 at *2 ("the occupier of a business which is open to the public, owes a duty to his invitees to protect against both dangers he knows to exist and those which with reasonable care he might discover").

[6] *Kanoy*, 1998 WL 15367 at *2 (granting Defendant's summary judgment motion where Plaintiff was able neither to establish a hazardous condition on Defendants' premises nor the cause of injury, thus failing to prove essential elements of her negligence claim); *Price v. Acme Markets, Inc.*, 2010 WL 40262007 at *1 (Del. Super. Ct. Sept. 29, 2010) (same).

According to Plaintiff, the two Delaware cases cited to by Defendants are distinguishable as neither case dealt with a design and manufacture defect claim.

Relying upon Mr. Cohen's findings that it was the defective design of the sloped ramp which caused the slip and fall, Plaintiff alleges that Defendants were negligent in allowing for this hazardous condition to persist on their premises, and for not adequately warning patrons of its dangers. In addition, Plaintiff contends that her identification of the sloped ramp as the general area of her accident confirms Mr. Cohen's findings that the ramp's defective condition caused her accident. According to Plaintiff, the report and deposition testimony together establish the hazardous condition and causation required in a negligence claim.

Whether framed pursuant to Plaintiff's or Defendants' analysis of the negligence claim stemming from the slip and fall accident, Plaintiff has sufficiently asserted the essential elements of her claim sufficiently to withstand Defendants' Motion for Summary Judgment. When considering a motion for summary judgment, Delaware courts view the evidence in the light most favorable to the non-movant.[7] Further, in order to be entitled to judgment as a matter of law, the movant must prove that there are no genuine issues of material fact.[8]

Defendants' primary contention in their motion is that Plaintiff has utterly failed to present evidence of a hazardous condition or of causation with respect her injuries sustained while on Defendants' premises. However, both Plaintiff's own

---

[7] *Windom*, 903 A.2d at 280.

[8] Super. Ct. Civ. R. 56©.

testimony and Mr. Cohen's report indicate, at least the argument, that the sloped ramp was a hazardous condition; and, as Plaintiff fell while ascending the ramp, that a defective design was the cause of the accident.[9] These are the same two essential elements that Defendants claim are lacking in Plaintiff's negligence claim. Moreover, the evidence presented by Plaintiff points to a factual dispute – namely whether the ramp was hazardously sloped and whether the fall occurred on and as a result of the ramp's slope. Genuine issues of material fact exist. _____

## CONCLUSION

The evidence extant demonstrates the existence of a genuine factual dispute which is not suitable for resolution by summary judgment. Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:  Prothonotary
cc:  Counsel
     Opinion Distribution
     File

---

[9] Among the findings in Mr. Cohen's report is the conclusion that the percentage at which the ramp was sloped, exceeded the percentage deemed safe by the International Building Code.